**George Rahsaan BROOKS**

v.

**J. KLEIMAN, et al.**

**Civ. A. No. 88–5068.**

United States District Court,
E.D. Pennsylvania.

July 31, 1989.

---

George Brooks, pro se.

State Atty. Gen's. Office, for defendants.

MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

The court has now considered the testimony that has been presented in this case, and is prepared to make its Findings of Fact and Conclusions of Law and Decision.

FINDINGS OF FACT

1. On May 12, 1988, plaintiff was on E Gallery at Graterford Prison, which is a disciplinary area of the prison.

2. On May 12, 1988, a correctional officer attempted to have another prisoner placed in the same cell with the plaintiff, but the plaintiff refused to allow the double-celling.

3. The plaintiff was charged with misconduct for failing to comply with an order of a correctional officer.

4. On May 16, 1988, a hearing on the aforesaid misconduct was afforded the plaintiff and the hearing examiner awarded the plaintiff an additional 30 days in the disciplinary section for failing to obey an order of a correctional officer.

5. The plaintiff did not ask for an witnesses or representatives to be present at the aforesaid disciplinary hearing until after the examiner had announced her decision.

6. The reason advanced by the plaintiff that he should not be double-celled is that he has several cases of legal materials currently in his cell and also as a Muslim, his religion requires him to perform certain services several times a day and it is his belief that in view of the foregoing, it would not be possible for him to practice his religion or protect his legal papers if a second person was placed in his cell.

7. On May 19, 1988 a correctional officer again ordered him to permit double-celling and the plaintiff refused to allow double-celling in his cell.

8. On May 31, 1988 the plaintiff was given a misconduct for failing to follow the orders of a correctional officer due to the May 19, 1988 refusal by the plaintiff.

9. On May 31, 1988 at the hearing on May 19, 1988 misconduct, the plaintiff was given an additional 30 days restrictive housing as a result of his refusal to carry out the order of May 19, 1988.

10. Plaintiff complains, and the superintendent admits, that the prisoners in E Gallery are given less than two hours of exercise daily.

11. During inclement weather the prisoners on E Gallery are not given any exercise.

12. The prisoners on E Gallery are locked up approximately 23 hours a day.

13. The prisoners on E Gallery are served their meals in their cells.

14. The food for the prisoners in E Gallery cells comes from the kitchen in large containers and at the end of the cellblock, trays are prepared and carried to each prisoner in his cell.

15. A commissioned officer on each shift inspects the supervision of the food distribution to the prisoners on E Gallery

as to its sanitary conditions and proper food handling.

16. Prisoners on E Gallery when they request sick call, do not get exercise on that day.

17. E Gallery houses approximately 120 prisoners and the exercise yard to accommodate these prisoners restricts the number to no more than 13 prisoners at any one time.

18. It is impossible for all 120 prisoners on E Gallery to receive two hours or more of exercise each day due to the constraints of the institution and of the ability of the prison personnel to handle this number of prisoners.

19. Prisoners on E Gallery receive visitors in a restricted area where they cannot touch the visitors due to a plexiglas partition between the prisoners and the visitors.

20. The plexiglas partition is a measure of security as the prisoners in E Gallery have demonstrated an inability to comply with prison regulations.

21. Prisoners in the general population are able to meet with visitors in a more informal, less structured area.

22. Prisoners in E Gallery have visiting hours restricted from Monday through Friday.

23. Visitors in the general prison population receive visitors on Saturdays and Sundays, as well as Mondays through Fridays.

24. Each prisoner on E Gallery is accompanied from E Gallery to the visitors room by a correctional officer and return the same way in order to avoid contact with the general prison population.

25. The need to restrict prisoners both as location of the visiting room and as to the days of the visiting privileges is needed for security purposes.

26. Due to personnel constraints it is not feasible for the prison authorities to supply the needed security for restricted prisoners on weekends and holidays.

27. For purposes of administration E Gallery is an extension of the restricted housing unit and all directives as to the restricted housing unit are applicable to E Gallery.

28. All food handlers are selected in accordance with the appropriate health and sanitary directives.

29. Food carriers in E Gallery are distinct from food handlers and do not come under the health administrative procedures.

30. Mattresses are sterilized when inmates are changed on E Gallery.

31. Mattresses are flame retardant.

32. The cell is cleaned when inmates are changed on E Gallery.

33. The light which plaintiff reported out in his cell was repaired within a reasonable period of time.

## CONCLUSIONS OF LAW

1. Prisoners have no constitutional right to a single cell. *Rhodes v. Chapman*, 452 U.S. 337, 347–350, 101 S.Ct. 2392, 2399–2401, 69 L.Ed.2d 59 (1981).

2. The courts should give great deference to the management and supervision of prisons to those who are charged with that responsibility. *Bell v. Wolfish*, 441 U.S. 520, 539, 99 S.Ct. 1861, 1874, 60 L.Ed.2d 447 (1979).

3. Under Pennsylvania law, Pa. Stat.Ann. tit. 61, §§ 101–102 (Purdon 1982), prisoners while normally entitled to two hours of exercise per day may have that right limited for proper purposes.

4. The visitation restrictions that affected plaintiff since his placement in the E Gallery do not amount to a condition of confinement in violation of plaintiff's constitutional rights. *See Peterkin v. Jeffes*, 661 F.Supp. 895, 913–14 (E.D.Pa.1987) (citing cases), *aff'd in part, vacated in part and remanded*, 855 F.2d 1021 (3d Cir. 1988); *see also Kentucky Dept. of Corrections v. Thompson*, —— U.S. ——, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).

5. The plaintiff has failed to prove by a preponderance of the evidence that his incarceration on E Gallery during the term that he was incarcerated therein violated

his constitutional rights. *Peterkin v. Jeffes*, 855 F.2d 1021, 1024–25 (3d Cir.1988).

### ORDER

AND NOW, this 31st day of July, 1989, in consideration of the foregoing findings of fact and conclusions of law, and for the reasons stated therein, it is ORDERED that judgment is entered in favor of defendants, J. Kleiman, Alan J. LeFebre, Charles Zimmerman, and against plaintiff, George Rahsaan Brooks.